Mimms v. Carr

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **GERARD E. LYNCH,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

Reginald Mimms,

*Plaintiff-Appellant*,

v.                                                                    13-1128

A.W. Carr, AKA Mr. Carr, *et al.*,

*Defendants-Appellee*s.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Reginald Mimms, *pro se*, Bronx, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Loretta E. Lynch, United States Attorney, Eastern District of New York, Varuni Nelson, Margaret M. Kolbe, Orelia E. Merchant, Assistant United States Attorneys, of Counsel, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Reginald Mimms, a *pro se* former federal inmate, brought a *Bivens* action against staff at the Metropolitan Detention Center, alleging misconduct including retaliation for his filing of administrative grievances. The district court granted the defendants' motion to dismiss all claims except Mimms's retaliation claim. The court subsequently granted summary judgment on the retaliation claim, finding that Mimms had failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act. Mimms appeals from the district court's summary judgment order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We conclude, as did the district court, that Mimms failed to exhaust his administrative remedies as to his retaliation claim prior to filing suit, and that his failure to exhaust could not be excused because the record established that remedies were available to him. In an apparent attempt to demonstrate exhaustion, Mimms attaches a copy of an April 2010 administrative appeal form. That document, which was not submitted to the district court and is dated two months after he filed his complaint, has no bearing on the correctness of the district court's conclusions.

Finally, because Mimms raises no argument concerning the claims dismissed by the district court prior to summary judgment, those claims are waived on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (deeming claims not raised on appeal by *pro se* litigant to be abandoned).

We have considered all of Mimms's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3